**2011-1219**

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

HIGHMARK, INC.,
*Plaintiff-Appellee,*

v.

ALLCARE HEALTH MANAGEMENT
SYSTEM, INC.,
*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Texas, in Case No. 03-CV-1384, Judge Terry Means

BRIEF OF ALLCARE HEALTH MANAGEMENT SYSTEM, INC.
FOLLOWING REMAND FROM THE SUPREME COURT

Erik R. Puknys
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
3300 Hillview Avenue
Palo Alto, CA 94304
(650) 849-6600

Donald R. Dunner
Don O. Burley
Jason W. Melvin
Cora R. Holt
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001
(202) 408-4000

*Attorneys for Defendant-Appellant
Allcare Health Management System, Inc.*

July 28, 2014

# CERTIFICATE OF INTEREST

Counsel for the appellant, Allcare Health Management System, Inc., certifies

the following:

1.     The full name of every party or amicus represented by me is:

Allcare Health Management System, Inc.

2.     The name of the real party in interest represented by me is:

N/A.

3.     All parent corporations and any publicly held companies that own 10
percent or more of the stock of the party represented by me are:

N/A.

4.     The names of all law firms and the partners or associates that
appeared for the party or amicus now represented by me in the trial court or agency
or are expected to appear in this court are:

| | |
|---|---|
| Donald R. Dunner | Dan S. Boyd |
| Erik R. Puknys | THE BOYD LAW FIRM, P.C. |
| Don O. Burley | |
| Jason W. Melvin | |
| Cora R. Holt | |
| FINNEGAN, HENDERSON, | |
|   FARABOW, GARRETT & | |
|   DUNNER, LLP | |
| | John E. Hall |
| Mike McKool, Jr. | ECKERT SEAMANS |
| Christopher J. Harrington | CHERIN & MELLOTT |
| R. Darryl Burke | |
| Luke F. McLeroy | |
| Alfredo L. Silva | |
| MCKOOL SMITH, P.C. | |

i

Joe Kendall
Karl A. Rupp
KENDALL LAW GROUP LLP

V. Brian Medlock
SIDLEY AUSTIN

Joseph F. Cleveland, Jr.
BRACKETT & ELLIS PC

Steven G. Hill
Doug Kertscher
Eric Maurer
HILL KERTSCHER &
WHARTON LLP

# TABLE OF CONTENTS

CERTIFICATE OF INTEREST ................................................................................i

TABLE OF AUTHORITIES ................................................................................iv

I.  PRELIMINARY STATEMENT ................................................................1

II.  ARGUMENT.............................................................................................3

A.  While the Supreme Court made clear in *Octane* and *Highmark* that section 285 determinations are reviewed for abuse of discretion, it also made clear that a district court *necessarily* abuses its discretion whenever it makes a legal error or finds clearly erroneous facts...........................................................................3

B.  There is no reason why this Court should change its previous decisions rejecting the additional arguments Highmark had advanced below in support of its request for attorneys' fees...............5

1.  This Court previously found that the district court had "an erroneous view of the law" when it concluded that Allcare's construction of claim 52 was unreasonable, and there is no reason the Court should change that decision now...........................................................................................6

2.  This Court also previously rejected each of the district court's determinations that Allcare had engaged in litigation misconduct, finding them clearly erroneous, and there is no reason why the Court should change those decisions now. .............................................................10

C.  On remand, the district court should reconsider whether the case is exceptional based only on Allcare's assertion of claim 102. .............................................................................................12

D.  The *Octane* and *Highmark* decisions did not alter the principle that attorneys' fees can be awarded only for those fees incurred as the result of the wrongful conduct. .................................13

III.  CONCLUSION.........................................................................................14

# TABLE OF AUTHORITIES

## Cases

*Bard Peripheral Vascular, Inc. v. W.L. Gore & Associates, Inc.*,
   682 F.3d 1003 (Fed. Cir. 2012) ............................................................7

*Brooks Furniture Manufacturing, Inc. v. Dutailier International, Inc.*,
   393 F.3d 1378 (Fed. Cir. 2005) ............................................................3

*Cooter & Gell v. Hartmarx Corp.*,
   496 U. S. 384 (1990) ............................................................................5

*Highmark Inc. v. Allcare Health Management System, Inc.*,
   134 S. Ct. 1744 (2014) .................................................................. passim

*Highmark, Inc. v. Allcare Health Management System, Inc.*,
   687 F.3d 1300 (Fed. Cir. 2012) .................................................... passim

*Intellectual Science & Technology, Inc. v. Sony Electronics, Inc.*,
   589 F.3d 1179 (Fed. Cir. 2009) ..........................................................10

*National Presto Industries, Inc. v. West Bend Co.*,
   76 F.3d 1185 (Fed. Cir. 1996) ............................................................14

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
   134 S. Ct. 1749 (2014) ........................................................ 3, 4, 8, 12

*Powell v. Home Depot U.S.A., Inc.*,
   663 F.3d 1221 (Fed. Cir. 2011) ............................................................7

## I.    PRELIMINARY STATEMENT

Following the Supreme Court's decision in this case, the two-prong test of
*Brooks Furniture* no longer applies in determining whether a case is exceptional
under section 285 because a frivolous position was pursued. Rather, determining
exceptionality now involves a totality-of-the-circumstances test and is committed
to the district court's discretion. But discretion does not mean no review.

On the contrary, the Supreme Court made it clear that giving district courts
discretion under section 285 does not mean that this Court must accept either legal
errors or clearly erroneous factual findings. Rather, the Supreme Court said that
whenever a district court has based its decision on either "an erroneous view of the
law" or "a clearly erroneous assessment of the evidence," it has "necessarily
abuse[d] its discretion" and should be corrected.

Highmark previously argued, to both the district court and this Court, that
Allcare's infringement allegations regarding claims 52 and 102 were meritless. But
while the district court had accepted both arguments, this Court held that Allcare's
position on claim 52 (which boiled down to a claim-construction argument) was
*not* unreasonable. This Court's prior determination of the merits of Allcare's
position on claim 52 compels the same result under the abuse-of-discretion
standard of review articulated in *Highmark*. Specifically, this Court has held (in
decisions unaffected by *Highmark*) that the reasonableness of a claim-construction

position is a legal issue, so the district court's decision that Allcare's construction of claim 52 was unreasonable must be recognized as an "erroneous view on the law" that would "necessarily" constitute an abuse of discretion under *Highmark*.

Similarly, while the district court had agreed with Highmark that Allcare had committed litigation misconduct in three respects, this Court previously found that the district court had clearly erred in accepting Highmark's arguments. Under *Highmark*, though, where a district court bases its decision on "a clearly erroneous assessment of the evidence," it has "necessarily" abused its discretion. Accordingly, this Court should not change its prior decisions rejecting Highmark's litigation-misconduct arguments.

Because this Court's prior decision rejecting four of the five grounds the district court relied on as supporting its exceptionality determination (the assertion of claims 52 and 102 and the three instances of alleged litigation misconduct) should stand, the remand from this Court to the district court should leave open only two questions. The first is whether the district court, acting in its discretion, still considers the case exceptional even though only one of the five bases it previously relied on is a proper ground for an exceptionality finding. And if it does, the second question is how much of the attorneys' fees and costs that Highmark expended in defending against Allcare's charge that Highmark infringed claim 102 should be awarded to Highmark. As this Court explained in its original

decision—following precedent that remains in full force even after *Octane* and *Highmark*—although the size of an award is generally left to the district court's discretion, it can award no more than the amount of fees the prevailing party incurred solely as the result of the conduct found to be wrongful.

## II. ARGUMENT

### A. While the Supreme Court made clear in *Octane* and *Highmark* that section 285 determinations are reviewed for abuse of discretion, it also made clear that a district court *necessarily* abuses its discretion whenever it makes a legal error or finds clearly erroneous facts.

In *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014), the Supreme Court held that this Court's framework for finding a case exceptional, which was established in *Brooks Furniture Manufacturing, Inc. v. Dutailier International, Inc.*, 393 F.3d 1378 (Fed. Cir. 2005), was "unduly rigid." *Octane*, 134 S. Ct. at 1755. Rather, the Supreme Court found that "exceptional" simply means "'uncommon,' 'rare,' or 'not ordinary,'" and it thus held that "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* at 1756. Further, the Supreme Court said, "[d]istrict courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.*

3

As a result, in this case, *Highmark Inc. v. Allcare Health Management System, Inc.*, 134 S. Ct. 1744 (2014), the Supreme Court simply summarized what it had said in *Octane* regarding its rejection of *Brooks Furniture* and adoption of a new "totality of the circumstances" test, and stated that its "holding in *Octane* settle[d] this case." *Highmark*, 134 S. Ct. at 1748. The Court then discussed the reasons why deference to the district court is preferred in this context, and it held that "an appellate court should apply an abuse-of-discretion standard in reviewing all aspects of a district court's § 285 determination." *Id.* at 1749.[1]

But while the Supreme Court in *Highmark* recognized the discretionary nature of section 285 determinations, it did not say that they are unreviewable. On the contrary, the Supreme Court expressly said that when a district court either commits a legal error or makes a clearly erroneous factual determination in this context, *it is necessarily abusing its discretion* and should be corrected:

> The abuse-of-discretion standard does not preclude an appellate court's correction of a district court's legal or

---

[1] *Octane* also rejected the clear-and-convincing burden of proof in favor of the preponderance-of-the-evidence standard. 134 S. Ct. at 1758. The burden of proof, however, did not appear to play any role in any of the district court's decisions since it adopted every major argument Highmark made regarding exceptionality except one, an allegation of discovery abuse that the court determined to be based on nothing more than the kind of "discovery disputes that are likely in a complex and hotly contested case." A66. Nor did the panel majority appear to rely on the heightened standard in its decision, and it certainly never indicated the outcome might have been different under the preponderance-of-the-evidence standard.

> factual error: "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell v. Hartmarx Corp.*, 496 U. S. 384, 405 (1990).

*Highmark*, 134 S. Ct. at 1748 n.2.

Moreover, nothing in the Court's decision calls into question the requirement that the party seeking attorneys' fees under the section must establish a causal connection between the conduct that it alleges to be wrongful and the attorneys' fees it has requested. That requirement, long recognized by this Court, was not addressed in the decision.

**B.    There is no reason why this Court should change its previous decisions rejecting the additional arguments Highmark had advanced below in support of its request for attorneys' fees.**

This Court has already affirmed the district court's finding that Allcare's assertion of claim 102 could support a determination that this case was exceptional. *See Highmark, Inc. v. Allcare Health Management System, Inc.*, 687 F.3d 1300, 1313 (Fed. Cir. 2012) ("The district court thus did not clearly err in concluding that Allcare's allegations of infringement of claim 102 warranted an exceptional case finding."). The question now, as a result, is *not* whether the case could be deemed exceptional as to claim 102. Rather, it is whether this Court should expand its remand and allow the district court to award attorneys' fees based not just on Allcare's claim 102 allegations but on other grounds as well. The answer is no.

5

In particular, in addition to its argument that Allcare's infringement allegations regarding claim 102 were meritless, Highmark made four principal arguments in support of its attorneys' fee request that were accepted by the district court but rejected by this Court. And because each of the district court's decisions constitutes, under the Supreme Court's decision in *Highmark*, an abuse of discretion—since it was based either "on an erroneous view of the law or on a clearly erroneous assessment of the evidence," 134 S. Ct. at 1748 n.2—there is no reason why this Court should change any of its previous decisions and reach a different conclusion now.

      **1.    This Court previously found that the district court had "an erroneous view of the law" when it concluded that Allcare's construction of claim 52 was unreasonable, and there is no reason the Court should change that decision now.**

First, this Court previously rejected the district court's conclusion that Allcare acted unreasonably in asserting that Highmark infringed claim 52. *Highmark*, 687 F.3d at 1313-15. And there is no reason for this Court to reach a different conclusion now. That is, this Court's previous decision "centered on Allcare's lack of basis for its claim construction position" (*id.* at 1314), and the reasonableness of a claim-construction position is a *legal* decision under case law that was unaffected by the Supreme Court's decision. As a result, the district court's contrary determination of this issue was based on "an erroneous view of the

law" and thus *necessarily* constituted an abuse of discretion that was entitled to no deference. *See Highmark*, 134 S. Ct. at 1748 n.2.

Indeed, this Court has been quite clear that the reasonableness of a claim-construction position is itself a legal issue. For example, in *Bard Peripheral Vascular, Inc. v. W.L. Gore & Associates, Inc.*, 682 F.3d 1003 (Fed. Cir. 2012), this Court held that "[w]hen a defense or noninfringement theory asserted by an infringer is purely legal (e.g., claim construction), the objective recklessness of such a theory is a purely legal question to be determined by the judge." *Id.* at 1007 (citing *Powell v. Home Depot U.S.A., Inc.*, 663 F.3d 1221, 1236 (Fed. Cir. 2011)). But beyond that, any contrary conclusion would be illogical. Because claim construction is a question of law, there is nothing at all factual about the reasonableness of a claim-construction position that depends on the reading of the patent-in-suit and its specification.[2]

Moreover, this Court's previous determination that Allcare's assertion of claim 52 was not unreasonable cannot be ignored simply because it was made in

---

[2] Allcare recognizes that whether claim construction is *always* a question of law is now being considered by the Supreme Court in *Teva Pharmaceuticals USA, Inc. v. Sandoz, Inc.* Here, however, the analysis in question was based on the patent-in-suit and its specification, and no expert testimony was involved. *See Highmark*, 687 F.3d at 1314-15. Accordingly, even if the Supreme Court were to find that some aspects of claim construction are factual in nature, it is extremely doubtful that the Court's conclusion would affect the claim-construction analysis that was undertaken here.

the context of applying the now-rejected *Brooks Furniture* analysis. *Brooks Furniture* established a two-prong test under which Highmark needed to establish both objective unreasonableness and subjective bad faith. And while the Supreme Court has now made it clear that the *Brooks Furniture* test was too restrictive, that does not change the fact that this Court previously addressed the question of, in the language the Supreme Court used in *Octane*, "the substantive strength" of Allcare's "litigating position" (134 S. Ct. at 1756) in alleging that Highmark infringed claim 52, and expressly concluded that it had merit. Further, it could hardly be argued that despite this Court's previous conclusion that Allcare's position regarding claim 52 was not unreasonable, the district court could nonetheless still rely on Allcare's assertion that claim 52 was infringed as a basis for awarding attorneys' fees. That would be a clear abuse of discretion.

In any event, the district court's conclusion that Allcare's construction of claim 52 was unreasonable could not be sustained even if it were reviewed under the more deferential "clearly erroneous" standard. First, this Court previously found that the construction the district court applied in the merits stage of the case did "not foreclose Allcare's construction" in which the claims were not limited to the preferred diagnostic-smart system. *Highmark*, 687 F.3d at 1314. This finding is virtually identical to one made by the special master (whose report and recommendation was adopted in its entirety by the district court) when, after

8

articulating his claim construction, he stated that "[t]o decide that 52(c) covers only a system using the diagnostic smart system embodiment, as Highmark proposes, would improperly read a limitation from the specification into the claim." A6699. Second, this Court previously found that "[t]here was support in the specification for Allcare's position" (687 F.3d at 1314), echoing the special master's earlier finding that "a diagnosis can be made 'with or without the assistance of the diagnostic smart system,' and the physician can be the one to 'enter[] into the system data identifying the proposed treatment.'" *Id.* (quoting A6661). Third, as this Court noted, "[t]here was no showing by Highmark that it would not infringe under an alternate construction of claim 52 covering the system where the physician enters the proposed treatment." *Id.* at 1315. Indeed, at oral argument, Highmark's counsel was repeatedly challenged—but repeatedly failed—to identify *any* differences between Highmark's accused system and the alternative "utilization-review" embodiment described in the patent. Oral Arg. Recording (http://www.cafc.uscourts.gov/oral-argument-recordings/2011-1219/2012-03-07/all) at 26:11-34:41. The district court's conclusion that Allcare's infringement position was unreasonable cannot be reconciled with these three undisputed facts. Add to them the undisputed fact that another district court judge (Chief Judge Hilton in the *Trigon* case) had previously held that the claims were not limited to diagnostic smart systems (i.e., systems in which the "entry of data symbolic of

symptoms causes the automatic identification of a proposed mode of treatment," A12349),[3] and there can be no doubt that the district court's conclusion was clearly erroneous.

> **2.  This Court also previously rejected each of the district court's determinations that Allcare had engaged in litigation misconduct, finding them clearly erroneous, and there is no reason why the Court should change those decisions now.**

This Court also previously rejected three litigation-misconduct arguments that Highmark had made and that had been accepted by the district court, finding that the district court had clearly erred in accepting Highmark's arguments.

First, this Court previously rejected the argument that Allcare had wrongly relied on res judicata and collateral estoppel in attempting to bind Highmark to an earlier decision from the *Trigon* case that favored Allcare. Instead, the Court found, Allcare had "at least some support" for contending that the doctrine of "virtual representation" applied. Thus, the Court concluded that "[t]he district court

---

[3] Highmark has admitted that the claim construction adopted in this case was "remarkably similar" to the claim construction adopted by Judge Hilton in *Trigon*. A11974. Nonetheless, in considering the reasonableness of Allcare's infringement allegations, the district court disregarded Judge Hilton's decision on the ground that it related to claim construction, not infringement. A62. That, too, was an abuse of discretion, since construing the claims is the first step in any infringement analysis. *See, e.g.*, *Intellectual Sci. & Tech., Inc. v. Sony Elecs., Inc.*, 589 F.3d 1179, 1183 (Fed. Cir. 2009) ("Literal infringement first requires the trial court to interpret the claims to determine their scope and meaning.").

*clearly erred* by finding that Allcare's brief assertion of this position warrants an exceptional case finding." *Highmark*, 687 F.3d at 1316-17 (emphasis added). Second, this Court rejected the argument that Allcare had improperly shifted its positions on claim construction, finding that Allcare's various positions did "not differ in substance." *Id.* at 1318. Similarly, therefore, this Court held that "the district court *clearly erred* in finding that Allcare's minor changes in claim construction" supported an exceptional case finding. *Id.* (emphasis added). And third, this Court rejected the argument that Allcare had made misrepresentations to the Western District of Pennsylvania that supported finding the case exceptional. *Id.* Indeed, this Court noted that the district court had itself said that if any court had the right to sanction Allcare for that conduct, it was the Western District of Pennsylvania, and the Court also observed that the district court had "offered no justification for sanctioning conduct before a different tribunal." *Id.* at 1319. Thus, this Court found that the district court had "erred in finding the case exceptional based on these representations." *Id.* at 1318.[4]

---

[4] Although the Court found that the district court "erred" in accepting this argument (i.e., it did not expressly use the word "clearly"), there is no indication that this reflected an intention on the Court's part to apply something other than the "clear error" standard of review that it applied in the context of the other litigation-misconduct arguments.

As has been noted previously, wherever a district court has based its section 285 determination of a "clearly erroneous assessment of the evidence," it has "necessarily" abused its discretion under *Highmark*, 134 S. Ct. at 1748 n.2. Accordingly, none of the decisions by this Court rejecting litigation misconduct as a basis for awarding attorneys' fees needs to be changed.[5]

### C. On remand, the district court should reconsider whether the case is exceptional based only on Allcare's assertion of claim 102.

As noted previously, the *Octane* decision made clear that the determination of whether a case is exceptional should be left to the district court's discretion "considering the totality of the circumstances." 134 S. Ct. at 1756. Here, the district court based its exceptionality determination on five grounds, but this Court held, and should confirm, that four of those grounds cannot properly support a finding of exceptionality. Under *Octane*, therefore, this Court should remand the case so that the district court can determine, in the exercise of its discretion, whether Allcare's assertion of claim 102, by itself, renders this case exceptional.

---

[5] Highmark also argued that Allcare performed an inadequate presuit investigation. *See* Red. Br. 41-48. The panel dismissed this argument in a footnote, finding that this ground had been relied on by the district court only in its later-vacated Rule 11 decision. *See Highmark*, 687 F.3d at 1315 n.6. And in any event, the alleged deficiency in the investigation concerned whether Highmark's system proposed a mode of treatment, and Allcare believed that was irrelevant under its proposed construction. As a result, the alleged deficiency in Allcare's pre-suit investigation involved the same issue—Allcare's proposed claim construction of claim 52—that the panel addressed in detail.

**D.  The *Octane* and *Highmark* decisions did not alter the principle that attorneys' fees can be awarded only for those fees incurred as the result of the wrongful conduct.**

Finally, as the panel recognized in its earlier decision, even if the district court finds the case exceptional based only on Allcare's assertion of claim 102, the most that Highmark can recover are those attorneys' fees that it incurred *because of* Allcare's wrongful conduct. The Court first addressed this question in the context of Highmark's allegations that there was no merit either to Allcare's allegation that claim 52 was infringed or to its allegation that claim 102 was infringed. And the Court recognized that because it needed to find a causal connection between the fees that were awarded and the claims that were frivolous, it needed to separately examine the two infringement allegations that Highmark claimed were frivolous. *See Highmark*, 687 F.3d at 1311 (stating that "[b]ecause the rationale for awarding fees against a patentee for the filing of frivolous claims is to reimburse the alleged infringer for defending an action improperly brought," and "attorneys' fees can only be shifted insofar as each claim is found to be frivolous," the Court would "treat separately" the district court's findings regarding claims 52 and 102) (citations and internal quotation marks omitted). Further, the Court addressed this question again in the context of Highmark's allegations of litigation misconduct, and observed that while misconduct can support an exceptional-case finding, it "usually does not support a full award of attorneys'

13

fees." *Id.* at 1316. Instead, the Court recognized, "the fee award must bear some relation to the extent of the misconduct" and "compensate a party for the *extra* legal effort to counteract the[ ] misconduct." *Id.* at 1316 (emphasis in original; citations and internal quotation marks omitted).[6]

Neither the Supreme Court's decision in *Octane* nor its decision in *Highmark* calls these principles into question. Accordingly, this Court should confirm that, on remand, the district court can award no more than the attorneys' fees Highmark incurred solely as a result of Allcare's assertion of claim 102, since none of the other four acts relied on by Highmark was wrongful.

## III. CONCLUSION

There is no basis for expanding the current remand beyond the assertion of claim 102. Highmark's four other arguments were all considered by this Court but rejected, and in each case the district court's previous acceptance of the argument would be characterized, under *Highmark*, as an abuse of discretion. Accordingly, this Court should remand the case so the district court can consider whether Allcare's assertion of claim 102, by itself, justifies an exceptional-case finding,

---

[6] Of course, the requirement that fees awarded cannot *exceed* the amount of fees incurred as a result of the wrongful conduct acts only as a ceiling for the award. District courts have always had the discretion to award just a portion or even none of the fees actually incurred. *See, e.g., Nat'l Presto Indus., Inc. v. West Bend Co.*, 76 F.3d 1185, 1197 (Fed. Cir. 1996) (stating that "the award of attorney fees is not automatic, even for the extraordinary case").

and, if so, how much if any of the fees and costs Highmark incurred in defending against Allcare's allegation that Highmark infringed claim 102 should be awarded.

Dated: July 28, 2014                    Respectfully submitted,

                                        */s/ Erik R. Puknys*
                                        Donald R. Dunner
                                        Don O. Burley
                                        Jason W. Melvin
                                        Cora R. Holt
                                        FINNEGAN, HENDERSON, FARABOW,
                                          GARRETT & DUNNER, LLP
                                        901 New York Avenue, NW
                                        Washington, DC 20001
                                        (202) 408-4000

                                        Erik R. Puknys
                                        FINNEGAN, HENDERSON, FARABOW,
                                          GARRETT & DUNNER, LLP
                                        3300 Hillview Avenue
                                        Palo Alto, CA 94304
                                        (650) 849-6600

                                        *Attorneys for Defendant-Appellant*
                                        *Allcare Health Management System, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of July 2014, the foregoing BRIEF OF ALLCARE HEALTH MANAGEMENT SYSTEM, INC, FOLLOWING REMAND FROM THE SUPREME COURT was electronically filed via the Court's Case Management/Electronic Case Files (CM/ECF) system. The following counsel of record have been electronically served via that system:

Cynthia E. Kernick
REED SMITH LLP
435 Sixth Avenue
Pittsburgh, PA 15219
*ckernick@reedsmith.com*

/s/ Erik R. Puknys
Erik R. Puknys